The facts appear in the opinion of the Court.
Emmet, J.
The nature of the complaint does not appear on this motion; hut the defendants answered jointly and severally, that they were at and during the times mentioned in the complaint, owners-of a line of stages or omnibuses, known as Kipp & Brown’s line, and were engaged in the business of carrying passengers for hire in such stages between certain points in the city of Hew York. But as to each and every other allegation of the complaint, they say, “These defendants have no knowledge or information thereof sufficient to form a belief, and therefore they controvert each and every other allegation of the said complaint.”
The verification is as follows : “Solomon-Kipp and Abraham Brown, being severally duly sworn, say, each for himself, that the foregoing answer is true of his own knowledge, except so far as the same alleges a want of sufficient information to form a belief on the pcvri of the other defendant; and that as to such allegation, he believes the same to he true.”
The defect in this verification, as specified in the notice of motion, is, that it is not in the form, or to the effect and purport, prescribed by the statute, and does not state that the answer is true of defendants’ own knowledge, except as to the matters therein stated upon information and belief; and that as to those matters, he believes it to be true.
This objection assumes, that in all cases where a pleading is verified, it is necessary, under the Code, to insert in the verification the exception as to matters stated on information and *693 belief, whether any matters are so stated in the pleading or not. And it may be the common practice to put the verification in that form, indiscriminately in all cases; but I have no hesitation in saying, that in a pleading which alleges or admits nothing on information or belief, it is not only unnecessary, but improper, to put such a senseless exception in the verification. It is improper, because it implies a falsehood, and makes the party swear to such false implication.
The Code (§ 157) does not in terms require that such a verification, as a form, shall be tacked to every pleading, whether it fits it or not; and it would be against common sense and reason to give it such a construction. If a party who, in his answer, has stated nothing on information and belief, thinks it advisable to swear that he believes such statement to be true, he doubtless has a right to do so; but if,'in such a case, he confines himself to swearing that his answer is t/r-ue to his knowledge, he not only complies with the requirements of the Code, but avoids- , what, to say the least of it, is a harmless absurdity.
As the answer in this case does not contain a single statement or admission on information and belief, a verification simply to the effect that the answer was true to the knowledge of the defendants, would therefore have been sufficient. But the verification in this case contains a peculiar exception, in a form and for a purpose altogether different from the exception referred to in § 157 of the Code, and which was inserted in order to guard each defendant from the manifest impropriety of - swearing as to the insufficiency of information to form a belief possessed by the other defendant, as to the matters alleged in the complaint, not answered upon the knowledge of the defendants. The necessity for this exception might have been avoided by using this form of expression in the answer, “These defendants severally say, each for himself, that he has no knowledge or information thereof sufficient to form a belief,” instead of “ These defendants have no knowledge or information thereof sufficient to form a belief;” but as applied to the answer in its existing form, the exception does not impair the verification, and was a proper and conscientious reservation to be made by each defendant.
The motion, therefore, must be denied, but without costs. *694 On questions of this nature arising under the Code, the failing party should incur no such penalty.
Approved upon consultation;