ROBERT E. GILLETT, Appellant,

*vs.*

EUCLID B. HOUGHTON, Respondent;

AND

WALTER N. MILLS, Appellant,

*vs.*

EUCLID B. HOUGHTON, Respondent.

TWO APPEALS FROM CIRCUIT COURT, BAD AX COUNTY.

Where a cause of action or defence is founded upon a written instrument for the payment of money only, the verification to the pleading may be made by the attorney or agent in whose possession the instrument is, without stating any reason why the verification is not made by the plaintiff in person.

If the cause of action or defence is founded upon extrinsic facts, not a written instrument for the payment of money only, the verification should be made by the party ; or if made by an agent or attorney, he should state his means of knowledge, and the reason why the party does not make it.

The judgment in this action, which was founded upon a negotiable promissory note, was entered by the clerk for the amount mentioned in the summons, upon the default of the defendant. It was so entered as upon a verified complaint under section 158 of the code, subd. 1, and therefore no assessment was made, by the clerk in form, of the amount due to the plaintiff.

The judgment was perfected November 21, 1857. A motion to vacate the judgment was made on the 19th June, 1858, at the June term of the circuit court of Bad Ax county, the second regular term, besides a special term, of said court after the entry of judgment.

The circuit court vacated the judgment for the reason, expressed in making the order, that said court did not deem the verification sufficient to enable the clerk to enter judgment for the amount mentioned in the summons, without an assessment and report of the amount due being made on production of the note to him. The court overruled the second ground of the motion, and held that the affidavit of no answer was sufficient and regular, but granted the motion on the first and third grounds specified in the written motion, and upon no other ground.

The affidavit of verification was as follows:

John J. Cole being duly sworn, says he is plaintiff's attorney in the above entitled action, and that the within complaint is true of his own knowledge, except as to those matters stated on information and belief, and as to those matters he believes it to be true. And the note on which this action is brought, is in the possession of deponent. And his belief is founded upon his possession of said note, and defendant's nature thereto, which he is acquainted with.

Sworn, &c.                                    JOHN J. COLE.

From the order vacating the judgment the plaintiff appealed to the supreme court.

*J. J. Cole* for the appellant.

*Dennison & Lynde* for the respondent.

*By the Court*, SMITH, J. These two cases are appeals from the circuit court of Bad Ax county. Both cases are founded upon the same state of facts, were both argued at the same time, and will be disposed of together.

The only question presented by the record in this case is:

whether the verification of the complaint was sufficient as required by the code of procedure.

The judgment was entered under section 158 of the code, as upon a verified complaint, no answer having been put in. The court below, on motion, vacated the judgment for the reason that the verification of the complaint was held to be defective.

Section 63 of the code provides that the verification of the pleadings must be made by the party, if such party be within the county where the attorney resides, and capable of making the affidavit. The affidavit *may also* be made by the attorney or agent if the action or defence be founded upon a written instrument for the payment of money only, and such instrument be in the possession of the agent or attorney. When the verification is made by any other than the party, he shall set forth in his affidavit his knowledge, or the grounds of his belief on the subject, and the reasons why it is not made by the party.

Here are two classes of cases in which a pleading is to be verified, viz : one by the party if accessible, and if not, then by the attorney, giving his means of knowledge on the subject, and the reason why the party does not make it ; and the other where the action is founded upon a written instrument for the payment of money only, which is in the possession of the attorney who verifies the complaint or pleading.

Although there have been conflicting decisions in the State of New York in regard to the practice to be pursued under this section of the code, it seems to us very clear that the class of cases wherein it is sufficient that the agent or attorney may verify the pleading is indubitably indicated, viz : when the claim is founded upon an instrument in writing for the payment of money only, such as a promissory note, bill or bond, which is in possession of the attorney. It was not the design of the legislature in such cases to

require the attorney in whose hands such instruments were left for collection, to seek out his client and procure his verification. Such would have been an onerous, if not a useless exaction. But when the cause of action or defence is founded upon extrinsic facts, not authenticated by these well known evidences of indebtedness, then indeed the verification should be made by the person presumed to have the best knowledge of such facts, and the natural presumption would seem to indicate the party as such person.

In this case, however, the attorney making the verification, has not only alleged that the claim is founded upon an instrument in writing for the payment of money only, and that the same was in his possession, but that his belief of the facts set forth was founded upon his possession of such instrument, and the signature of the defendant thereto with which he was acqainted. Comparing this verification with the complaint and the requirements of the code, we think it is sufficient, and that the court below erred in vacating the judgment.

There is no other matter necessary to be determined in this case.

Judgment reversed with costs