CORTLAND BATES, JOSEPH S. SHARP, EDWARD B. WICKS, HARMAN W. VAN BUREN, and THOMAS. B. FITCH, Appellants, *vs.* EBEN B. PIKE, L. P. BACON and LEMUEL R. MORSE.

APPEAL FROM CIRCUIT COURT, LA CROSSE COUNTY.

Heard July 23.]                              [Decided August 10, 1859.

*Attorney—Verification—Pleading—Practice.*

Where an attorney has possession of a note on which an action is brought, and the plaintiff is a non-resident, the attorney may make the verification to the complaint. And it is error to strike out such a verification.

The cases of *Mills vs. Houghton* and *Gillett vs Houghton,* 8 Wis., 311, considered and approved.

This was a civil action, commenced in the circuit court of La Crosse county, by the service of a summons and complaint on the defendants, February 8th, 1858. The complaint was upon a bill of exchange made by the defendants by their firm name of Pike, Bacon & Co., directed to R. K. Swift Brother & Johnson, of Chicago, Illinois, and verified by Alonzo Johnson, one of the attorneys for the plaintiffs. February 27th, 1858; the defendants, by Tucker, Burton & Morse, their attorneys, served a notice of motion on the plaintiffs' attorneys for the first day of the March term, 1858, of the circuit court of La Crosse county, to strike out the verification of the plaintiffs' complaint in said action.

This motion was brought to a hearing at the March term of said court, and upon the hearing it was ordered by the court that the motion be sustained, and the verification was stricken out.

From that order this appeal is taken.

*Johnson & Cameron,* for the appellants.

*W. H. Tucker,* for the respondent.

*By the Court,* COLE, J.   This is an appeal from an order of the circuit court of La Crosse county, striking out the ver-

ification to the appellants' complaint. The action was brought upon a bill of exchange drawn by the respondents upon Swift Brothers & Johnson, of Chicago, which had been protested for non-payment, &c. The verification was made by one of the attorneys of the appellants, who stated that he had read the complaint, and knew the contents thereof, and that the same was true of his own knowledge, except as to the matters therein stated on information and belief, and that as to those matters, he believed it to be true; and that the knowledge of the deponent, and the grounds of his belief of the truth of the complaint, were founded upon the fact that the bill of exchange was in the possession of Johnson and Cameron, the attorneys of the appellant, of which firm he was one; and that the reason that the affidavit of verification was not made by the appellants, or one of them, was that the appellants were non-residents of the state, and without the county of La Crosse, and that their affidavits could not be procured.

In the cases of *Mills vs. Houghton,* 8 Wis., 311, and *Gillett vs. Houghton,* id., 311, decided at the last term of this court, we held that where the verification to a complaint was made by an attorney, who stated that the note upon which the action was brought, was in his possession, and that his belief as to the truth of the matters set forth in the complaint, was founded upon such possession of the note, and the defendant's signature thereto, which he was acquainted with, that this was a sufficient verification of the complaint. We were of the opinion that when the action was founded upon a written instrument for the payment of money only, and such instrument was in the possession of the attorney, that then the attorney might very properly verify the pleading.

We were aware that considerable conflict existed in the decisions in the state of New York as to the proper practice to be pursued under the corresponding provisions of the code

of that state, but it seemed to us that it could not have been the design of the legislature in a case where the action was brought upon a promissory note, bill of exchange, or bond, which was in the possession of the attorney, or which had been left with such attorney for collection, that the client should be hunted up in order to verify the complaint. Particularly did we think this practice was unreasonable and inadmissible under our statute, which declares that every written instrument purporting to have been signed or executed by any person, shall be proof that it was so signed or executed, until the person by whom it purports to have been signed or executed, denies the signature or execution of the same, under oath, &c.; R. S., 1859, chap., 137, § 92. We consider the verification in this case as sufficiently complying with the requirements of section 19, chap. 125, of the present R. S.

The order therefore of the circuit court, striking out the verification of the complaint, must be reversed, and the cause remanded for further proceedings according to law.