June Term,
1861.

CRANE vs. WILEY and others.

CRANE
v.
WILEY et al.

Where the allegations in a complaint upon a promissory note are all in a *positive* form, a verification by the plaintiff's attorney, stating that "the complaint is true of his own *knowledge*, except as to the matters therein stated on *information* and *belief*, and as to those matters he believes it to be true," is insufficient, although it also states that the note referred to in the complaint, is in the possession of the attorney, which is the ground of his belief, and shows a sufficient reason why the verification is not made by the plaintiff.—The fair import of such a verification is, that the attorney has personal knowledge of the matter stated in the complaint, and it is therefore defective for not stating what knowledge he has upon the subject.

It might be sufficient for the attorney to say that he had actual personal knowledge of the facts stated in the complaint because he was present when they occurred.

Where the verification of a complaint is defective, the defendant has a right to treat it as unverified, and to put in an answer without oath.

APPEAL from the Circuit Court for *Winnebago* County. The case is stated in the opinion of the court.

*Wheeler & Kimball*, for appellant:

The verification in this case is within the decision of this court in *Mills vs. Houghton*, 8 Wis., 312–313. The verification is in the language prescribed by the statute; the person verifying is the plaintiff's attorney, and as such has in his possession the note upon which action is brought, both of which facts appear from the verification. The statute permits the attorney to verify in such cases without giving any reason why the party does not verify, or setting forth any means of knowledge or grounds of belief. That clause of the statute requiring such reasons to be given, or the setting forth of any particular means of knowledge or grounds of belief, refers to that class of cases "where the cause of action or defense is founded upon extrinsic facts not authenticated by these well known evidences of indebtedness," and not to actions or defenses founded on "written instruments for the payment of money only." The statute makes an exception in cases based on written instruments payable in money only, and the peculiar nature of such instruments is the reason for such exception. This view of the subject is sustained in *Smith vs. Rosenthal*, 11 How., 442, and *Mills vs. Houghton, supra.* The court say, after reciting the statute upon this subject, "Here are two classes

of cases in which a pleading is to be verified, viz., one by the party, if accessible, and if not, then by the attorney, giving his means of knowledge on the subject, and the reason why the party does not make it; and the other, when the action is founded upon a written instrument for the payment of money, which is in the possession of the attorney who verifies the pleading." In this classification it will be observed that the necessity of the attorney giving his means of knowledge, and the reason the party does not verify, is not applied to cases founded upon written instruments for the payment of money. But admitting that the attorney must set forth, in all cases, his knowledge or the grounds of his belief, what is it necessary for him to state in actions based on written instruments for money, in addition to the facts which authorize him to verify, viz., the fact that he is attorney of the plaintiff, and has in his possession the written instrument upon which this action is brought? These two facts constitute his authority to verify, and in a large majority of cases, constitute his only means of knowledge or grounds of belief, and the simple statement of these facts in the verification is a sufficient "setting forth" of his means of knowledge or grounds of belief, within the meaning of the statute. It is true the attorney verifying may have other means of knowledge or grounds of belief than those furnished by his being the attorney in the case, and having in his possession the note sued upon; if so, he can state them in addition; but these two facts are sufficient. The statute upon the subject of signatures to written instruments, warrants this construction. R. S. chap. 137, sec. 92.

*A. A. Austin, contra:*

The verification of the complaint was insufficient. The complaint was positive; it stated nothing on information and belief. The verification should therefore have set forth the *knowledge*, not the grounds of belief, of the attorney verifying. The grounds of his belief were immmaterial, so long as he had no belief, but professed to *know* positively that all the allegations of the complaint were true. When an attorney undertakes to verify a pleading in which all the allega-

June Term 1861.

CRANE v. WILEY et al.

June Term, 1861.

CRANE
v.
WILEY et al.

tions are positive, and nothing is stated on information or belief, he must *know* that the complaint is true, otherwise he commits perjury; and the statute requires his "knowledge" to be set forth (R. S. p. 723, sec. 19). Irrespective of the positive requirements of the statute, the obvious reasons for it are, that the sufficiency of his means of knowledge may appear; that facts should be stated, upon which, if false, perjury would lie; and that a party may not be put to his oath by the verification of an attorney or agent who is willing to run the risk of swearing that a pleading is true, although he has no positive knowledge upon the subject. This precise point was not made in *Gillett vs. Houghton*, 8 Wis., 311, nor in *Bates vs. Pike*, 9 Wis., 224.

December 30. *By the Court*, COLE, J. This is an appeal from an order of the circuit court, setting aside and vacating a judgment. The action was commenced by the service of a summons and copy of a complaint upon the respondents.— At the expiration of the time for answering, the appellant proceeded and entered judgment for want of an answer. It appears that the respondents, within the time limited, served their answer upon the attorneys of the appellant, who immediately returned the same because it was not verified, and took judgment as by default. The respondents contend that as the verification of the complaint was insufficient, they were not required to verify their answer. The case, therefore, turns entirely upon the sufficiency of the verification of the complaint.

The action was brought upon a promissory note given by the respondents, payable to one Andrew Lansing or bearer, which note had been assigned or indorsed to the appellant. All the allegations of the complaint are positive, none being stated on information and belief. The verification was as follows:

" STATE OF WISCONSIN,  } ss.
    Green Lake County, }

M. L. Kimball, being duly sworn, says he is one of the attorneys of the plaintiff in this action; that the foregoing amended complaint is true of his own knowledge, except as

June Term,
1861.

CRANE
v.
WILEY et al.

to matters therein stated on information and belief, and as to those matters he believes it to be true ; that the note referred to in said complaint is now in his possession, as one of the attorneys for the plaintiff, which is the ground of his belief. And deponent further says that the plaintiff in this action does not verify the said complaint for the reason that he does not reside in, and is now absent from the county of Green Lake, where his attorney resides."

This affidavit was signed and sworn to before a notary public.

This was a case in which the attorney was undoubtedly authorized to verify the complaint, the action being founded upon a promissory note which was in his possession. Sec. 19, chap. 125, R. S.; *Mills vs. Houghton*, 8 Wis., 311 ; *Fitch vs. Bigelow*, 5 How. Pr. R., 237 ; *The People ex. rel. Smith vs. Allen*, 14 id., 334, and cases there cited ; *Morley vs. Guild*, 13 Wis., 576. The attorney has likewise stated the reason why the complaint was not verified by the plaintiff, although this was not deemed essential in *Mills vs. Houghton*. He has further said that the complaint was " true of his own knowledge, except as to matters therein stated on information and belief, and as to those matters he believes it to be true."— As all the allegations of the complaint are positive, nothing being stated on information and belief, it is very clear that there is nothing to which the exception can possibly apply. In *Kinkaid vs. Kipp*, 1 Duer, 692, such an exception in the verification to a complaint which contained no single averment to which it could apply, was characterized as at least "a harmless absurdity," while the court say that the better practice is to omit it altogether where the allegations are positive ; and so we held in *Morley vs. Guild*. Indeed, in the latter case, there is such a full discussion of the real intent and meaning of sec. 19, chap. 125, that but little need be said here. It was there decided that the statute did not prescribe the form of a verification which must be blindly and inflexibly followed in all cases, regardless of the way the matters were stated ·in the pleadings. So that where nothing was stated upon information and belief, but all the averments were positive, as in the complaint under consid-

eration, and the complaint was verified by the party or agent as being "true of his own knowledge," it could not be necessary to put in an exception as to matters stated upon information and belief. From the form of affidavit adopted here we are to presume that the attorney had personal knowledge of all the material matters stated in the complaint. For he says that it is true upon his own knowledge, except as to what is therein stated upon information and belief, and we have seen that there is nothing to which the exception could apply. It is possible that the attorney did not intend to swear that he had personal knowledge of the giving of the note at the time and in the manner alleged, that it was assigned and delivered to the appellant by the payee, and that nothing had ever been paid upon it; but this is the fair import and construction of the verification, as we understand it. Such being the case, we consider the verification defective for not stating what knowledge the attorney had upon the subject. The statute says that when the pleading is verified by any other person than the party, he shall set forth in the affidavit *his knowledge*, or the grounds of his belief. Now what knowledge had the attorney of the matters stated in the complaint? Was he present when the note was made and delivered? In other words, what is his knowledge upon the subject? It may be said that he states that the note referred to in the complaint is in his possession, and that this is the ground of his belief. Possession of the note, and acquaintance with the hand writing of the makers, may be good ground for a belief on the subject. But what actual personal knowledge had the attorney of the facts and transactions mentioned in the complaint? Was he present when they occurred? Did they take place under his own observation? If so, he may be said to have "knowledge" of them, in the sense of that word as used in the statute. But if he was not, and if all his information upon the subject is derived from the statements of others, from the possession of the instrument, &c, then, while he may have excellent grounds for a belief that the matters stated in the complaint are true, he cannot be said to have any actual knowledge of them. Nor can this be said to be too great refinement upon lan-

guage—a hypercritical construction of the statute—since the legislature therein have taken an obvious distinction between knowledge of facts and a belief on the subject, or an assent of the mind founded upon evidence that those facts exist. Hence the statute requires, when a pleading is verified by any other person than the party, that he shall set forth in the affidavit, if upon knowledge, what knowledge he has upon the subject. We suppose it would be sufficient for him to say that he had actual personal knowledge of the facts stated in the complaint, because he was present when they occurred. This is what is implied by a knowledge of them. And as the verification fails to set forth what knowledge the attorney had of the facts stated in the complaint, we must hold it defective. Being defective, the respondents had a right to treat the complaint as unverified, and to put in answer without oath. *Stannard vs. Mattice*, 7 How. Pr. R., 4; *Treadwell vs. Fassett*, 10 id., 184; *Hubbard et al. vs. The National Prot. Ins. Co.*, 11 id., 149; *Tibballs et al. vs. Selfridge et al.*, 12 id., 64; *Wilkin vs. Gilman*, 13 id., 225; *Meads vs. Gleason*, id., 309; *The People ex rel. Smith vs. Allen*, 14 id., 334.

It follows from these remarks that the order of the circuit court must be affirmed.