21 317
92 672

THE MARKET NATIONAL BANK of New York vs. HOGAN.

*Verification of complaint of corporation.—Sec. 19, ch. 125, R. S.*

1. The attorney's authority to verify a complaint is the same when the plaintiff is a corporation, as when it is a natural person.
2. Where all the averments of a complaint were upon information and belief, and the verification, by the attorney, was that the complaint was true to his *knowledge*, except as to such parts as were alleged upon information and belief, and as to those allegations he *believed* it to be true, and then set forth the grounds of his belief—this was sufficient.
3. Where the action is founded on a written instrument, possession thereof is a sufficient ground of belief to enable the attorney to verify.
4. Such possession being alleged, the statement of other real or supposed grounds of belief or means of knowledge, does not vitiate the verification.

APPEAL from the Circuit Court for *Rock* County.

Action upon two promissory notes, made by defendant to Adams, McKinney & Co., and by them alleged to have been endorsed for value, before maturity, to the plaintiff. All the averments of the complaint are upon information and belief. The verification is by one of plaintiff's attorneys, and states that the complaint is true to affiant's own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters he believes it to be true; that "the reason why this verification is not made by the plaintiff is, as well that said plaintiff is a corporation and non-resident of the state of Wisconsin, and not now in the county of Rock * * where deponent resides, in said state, as that this action is founded upon written instruments for the payment of money only, and that such instruments are in the possession of deponent; and that his knowledge is derived from said instruments, and from the admissions of the agent of the plaintiff to deponent in regard thereto; and that the grounds of his belief are the possession of said instruments and the aforesaid admissions."

The defendant filed an unverified answer, and served a copy of the same on plaintiff's attorney, which he returned and refused to receive, assigning as a reason that it was not verified. Afterwards plaintiff took judgment as upon a failure to answer; and from an order refusing to set the judgment aside, defendant appealed.

*L. F. Patten*, for appellant, contended that the complaint was not properly verified. R. S., ch. 125, sec. 19. The word "may," in the clause relating to the verification of the pleading of a corporation, is to be construed as imperative. *Plank Road Co. v. Comm'rs*, 10 How. Pr. R., 237, and cases there cited. The defendant might therefore serve an unverified answer. *Crane v. Wiley*, 14 Wis., 658.

*Conger & Hawes*, contra, cited *Western Bank of Scotland v.*

*Tallman*, 15 Wis., 92 ; *Gillett v. Houghton*, 8 id., 311 ; *Bates v. Pike*, 9 id., 224 ; *Morley v. Guild*, 13 id., 576, 584 ; *Smith v. Rosenthall*, 11 How. Pr. R., 442.

DIXON, C. J.   It is said by Mr. Justice PAINE, *arguendo*, in *Western Bank of Scotland v. Tallman*, 15 Wis., 93, that undoubtedly a pleading may be verified by an attorney of a corporation upon the same state of facts which allows such verification by an individual.

We think he was correct in this, because the conditions prescribed for verification by the attorney are not limited by the character of the parties, but apply as well to actions where the party that sues or is sued is a corporation as where it is an individual.   The attorney may verify, if the action or defense be founded on a written instrument for the payment of money only ; or if all the material allegations of the pleadings be within his personal knowledge.   R. S., ch. 125, sec. 19.   These are the conditions, and the character of the parties, whether natural persons or corporations, is not one of them, and has nothing to do with the question.   The subsequent clause, that when a corporation is a party the verification may be made by an officer thereof, was obviously intended to authorize a verification in behalf of corporations the same as individual parties are authorized   to verify, and in the same cases.   The word *may* means *must*, only where the rights or interests of the public are concerned, or where the public or third persons have a claim *de jure* that some power should be exercised. *Cutler v. Howard*, 9 Wis., 309.   It cannot here be held to mean *must*, so as to exclude a verification by the attorney.

The other objections to the verification are also untenable. The action is upon written instruments for the payment of money only, in the possession of the attorney.   These facts, appearing by the affidavit, are sufficient to authorize the verification by the attorney.   *Gillett v. Houghton*, 8 Wis., 311 ; *Bates v. Pike*, 9 id., 224.

All the allegations of the complaint being upon information and belief, a verification on information and belief also is good.

That part of the affidavit in which the affiant says that the complaint is true to his knowledge, may be rejected as surplusage. *Kincaid v. Kip et al.*, 1 Duer, 692, cited and approved in *Morley v. Guild*, 13 Wis., 583. The verification in *Crane v. Wiley*, 14 Wis., 658, was bad because it was held to be a verification *upon knowledge*, and the *knowledge* of the attorney was not set forth. Here the *grounds of his belief* are set forth.

Possession alone of the instrument on which the action or defense is founded, is a sufficient statutory ground of belief to enable the attorney to make the affidavit. *Gillett v. Houghton*, and *Morley v. Guild*. And it matters not what other real or supposed grounds of belief may be stated, they will not vitiate.

*By the Court.*—Order affirmed.