Bowghen agt. Nolan.

# N. Y. MARINE COURT.

## MARGARET BOWGHEN agt. JAMES E. NOLAN.

*Answer — sufficiency of verification under new Code of Civil Procedure.*

An answer containing two paragraphs, the first of which denies *positively* all the allegations contained in the first count of the complaint; and the second alleging that the defendant has no knowledge or information sufficient to form a belief as to the truth of the facts contained in the second count of the complaint, is a sufficient verification under section 526 of the Code of Civil Procedure.

The verification need not be in the exact words of the statute, but a substantial compliance is sufficient.

*Special Term, September,* 1877.

McADAM, *J.* — The defendant interposed an answer to the complaint in due time, and the plaintiff returned it upon the ground that, under section 528 of the Code of Civil Procedure, it was a nullity, because the form of verification used thereon was that prescribed by the former Code (*sec.* 157), and not that required by section 526 of the new Code. The answer contains two paragraphs. The first denies positively all the allegations contained in the first count of the complaint. This is unquestionably a good denial. The second alleges that the defendant has no knowledge or information sufficient to form a belief as to the truth of the facts contained in the second count of the complaint. The new Code permits this form of denial (*sec.* 500), and provides (*sec.* 524) that it must be regarded as an allegation that the person verifying the pleading has not such knowledge or information. It is not an allegation upon information and belief, but a denial that

Bowghen agt. Nolan.

the affiant has either knowledge or information upon which he is enabled to form a belief. Both of the forms of denial used herein are, therefore, positively made.

Under such circumstances, it was needless to insert in the verification the words " except as to the matters therein stated *to be alleged* on information and belief," because none of the matters are so alleged. Section 526 of the new Code is almost similar to section 157 of the old Code, the only real difference being indicated above in italics.

Section 526 (*supra*) does not prescribe any particular words with which the verification must be made, but provides that " it must be *to the effect*" therein stated, and in this respect it follows 157 of the old Code.

Under the section last referred to, the courts uniformly held that the verification need not be in the exact words of the statute, and that a substantial compliance was sufficient. For examples, see *Waggoner* agt. *Brown* (1 *How. Pr.*, 212), *Radway* agt. *Mather* (5 *Sandf.*, 655), *Harris* agt. *Trip* (4 *Abb.*, 232), *Whelpley* agt. *Van Epps* (9 *Paige*, 333), *Kinkaid* agt. *Kip* (1 *Duer*, 692). In the case last cited (*Kinkaid* agt. *Kip*); the superior court held that where a defendant, in his answer, has stated nothing on information and belief, his affidavit that his answer is true to his knowledge, without adding the words " except as to the matters therein stated upon information and belief, and as to those matters he believes it to be true," is a sufficient and proper verification. Under the construction which I have put upon the provisions of the Code of Civil Procedure, before referred to, it follows that the defendant's verification was sufficient, and that the plaintiff was not justified in disregarding the answer served with it.

The judgment entered by the plaintiff was, therefore, irregular, and must be set aside.

Ordered accordingly.