HECHT, Appellant, vs. CHASE, Respondent.

*September 18—October 6, 1914.*

*Pleading: Verification by attorney: Sufficiency.*

Where all the allegations of a complaint upon promissory notes are positive, but the verification by an attorney states that "the same is true to his own knowledge, except as to those matters therein stated on information and belief, and as to those matters he believes it to be true," and this is followed by a statement as to the nature of the action and that the notes are in his possession as attorney, and a statement of the reason why the verification is not made by the plaintiff, but there is no express statement of the affiant's knowledge or the grounds of his belief, the verification is insufficient under sec. 2666, Stats.

APPEAL from an order of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Proceedings to set aside the service of a summons and all proceedings based thereon, including an order of publication of the summons and the judgment. The plaintiff sought to recover on two promissory notes. One was made payable to

the order of *George P. Chase* as trustee. A copy thereof was set out in the complaint.

The second note was made payable to *"George P. Chase."* A copy of it was set out and there was an allegation as to each note that plaintiff was the lawful owner and holder thereof and that there was due to him thereon from the defendant the sum named and judgment therefor was demanded.

The complaint was verified by the plaintiff's attorney in the following form:

"STATE OF WISCONSIN, ⎱ ss.
     Oconto County.    ⎰

"Francis X. Morrow, of Oconto, Wisconsin, being first duly sworn on oath, says that he is the attorney for the above named plaintiff in said action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to his own knowledge, except as to those matters therein stated upon information and belief, and as to those matters he believes it to be true.

"And deponent further says that the said action is founded on two certain written instruments for the payment of money only, and that said written instruments are now in his possession as such attorney, and that the reason why this affidavit is not made by the plaintiff is that the said plaintiff resides at Logansport, in the state of Indiana, and is not now within the county in which deponent resides.

                        "FRANCIS X. MORROW."

There was an order, in due form, for service of the summons by publication. It was based on an affidavit in such form and said to have been duly filed. Such order was dated June 29, 1907. Later there was a second order of publication, in due form, based on due proof of a recent effort to obtain service, the filed complaint, and an affidavit in due form. The first publication of the summons was seasonably made, having regard to the second order. The complaint does not show by proper indorsement that it was placed on file prior to the date of the first order, but does that it was

so placed before the date of the second. The trial court granted the motion to vacate the proceeding upon grounds, in part, found fatal in *Closson v. Chase, post,* p. 346, 149 N. W. 26, and particularly because the summons was not published within three months after the date of the order therefor as required by sec. 2640, Stats.

For the appellant there were briefs by *F. X. Morrow,* attorney, and *W. L. Evans,* of counsel, and oral argument by *Mr. Evans.*

For the respondent there was a brief by *Closson & O'Kelliher,* and oral argument by *V. J. O'Kelliher.*

MARSHALL, J. Some questions are raised upon this appeal which were presented in the one decided herewith, mentioned in the statement, and need not be discussed again.

The trial court seems to have thought that there were defects in the verification, common to the two cases. While the supposed defects in the other case were found to be, at most, but inconsequential irregularities, the verification here is quite different. All allegations of the complaint are positive, while the verification is to the effect that "the same is true to his own knowledge, except as to those matters therein stated on information and belief, and as to those matters he believes it to be true," followed by a statement as to the nature of the action "and that said written instruments are now in his possession as such attorney," and a statement of why the verification was not made by plaintiff, but no express statement of "his knowledge or the grounds of his belief."

Had the allegations been on information and belief, the statement in the verification as to their being true "to his own knowledge" might be rejected as surplusage and the affiant considered to have verified only upon belief. *Market Nat. Bank v. Hogan,* 21 Wis. 317. But such allegations are positive, leaving nothing for the words "except as to those

matters therein stated upon information and belief, and as to those matters he believes it to be true," to specifically point to. So unless we can fairly infer that the allegations were made upon belief, because, evidently, they were made by the attorney and, in the nature of things, most likely were so made, though positive in form, there is an absence of the statutory requirement for a statement "of his knowledge." *Morley v. Guild,* 13 Wis. 576, 583. Possession of the paper, as held in *Crane v. Wiley,* 14 Wis. 658, and *Market Nat. Bank v. Hogan, supra,* and, especially, in connection with familiarity with the handwriting of the person sought to be charged, may furnish good ground for belief, and the statement of such ground be inferred therefrom, but not so as to knowledge. If the verification here, as in the case of *Closson v. Chase, post,* p. 346, 149 N. W. 26, had contained, immediately after the words as to possession of the written instruments, the words "which is the ground of his belief," the two would be substantially alike.

Thus in order to sustain the verification here it would be necessary to overrule *Crane v. Wiley, supra,* and go further by holding that it is a sufficient statement of "his knowledge or ground of belief" to state that the written instrument is in the affiant's possession. So we cannot escape the conclusion that the verification is fatally defective. As that requires an affirmance of the order, putting an end to the service and all proceedings based thereon, it is not necessary to discuss any other question raised, especially any not decided in *Closson v. Chase.*

*By the Court.*—The order is affirmed.