98      SUPREME COURT OF WISCONSIN.   [Dec.

State ex rel. Bergougnan R. Corp. v. Gregory, 179 Wis. 98.

STATE EX REL. BERGOUGNAN RUBBER CORPORATION, Petitioner, vs. GREGORY, Circuit Judge, Defendant. [Prohibition.]

*November 10—December 5, 1922.*

*Appearance: Motion to remove case to federal court as appearance: Process: Service by publication: Verification by attorney: Sufficiency.*

1. The appearance of a defendant foreign corporation in a state court for the purpose of making a motion that the cause be removed to the federal district court under 1 U. S. Comp. Stats. 1916, Ann., sec. 1011, did not constitute a general appearance.
2. Under sec. 2640, Wis. Stats., requiring an application for service by publication to be based "upon the complaint duly verified and filed," and sec. 2666, requiring that if verification is made by another person than the party he shall set forth in the affidavit his knowledge or the grounds of his belief, service by publication was ineffective when based upon a complaint verified by an attorney for plaintiff which recited that "he knows the contents of the foregoing complaint and that the same is true to his own knowledge," but which did not state the grounds of his knowledge.

PETITION for writ of prohibition to prevent the circuit court for Milwaukee county and Edwin P. Weber from further proceeding in the action brought in the circuit court for Milwaukee county and to require the circuit court for Milwaukee county to quash and set aside the service of the summons in said action. A like proceeding is begun to prevent further proceedings in the garnishment action ancillary thereto. Both proceedings will be treated together for the sake of brevity.

It appears from the petitions that on February 4, 1922, an action was begun by Edwin P. Weber against the *Bergougnan Rubber Corporation,* a nonresident foreign corporation. On that day summons and complaint were filed, publication was made and filed, and an order for publication together with the return of the sheriff, an affidavit for

tion filed.  Upon the same day garnishment proceedings against the Federal Tire & Supply Company were begun, the garnishment summons and affidavit in garnishment being filed, and an affidavit of service of the garnishee summons upon the garnishee defendant was filed.  On April 7, 1922, petition, bond, and notice of removal to the district court of the United States for the Eastern district of Wisconsin was filed, and on April 10, 1922, the circuit court for Milwaukee county directed removal of the cause.  In the meantime and on March 2, 1922, the garnishee defendant had filed its answer, and on March 18, 1922, the garnishee defendant filed an amended answer.  On May 2, 1922, upon motion of the plaintiff Weber, the district court of the United States remanded the principal action and the garnishment action to the circuit court for Milwaukee county, the order remanding the cause showing that each of the parties appeared therein specially.  On May 13, 1922, the defendant appeared specially in the circuit court for Milwaukee county to object to the jurisdiction of the court and moved for an order quashing and setting aside the service of the summons.  The circuit court for Milwaukee county denied the motion and refused to set aside or quash the service of the summons.  By affidavit filed on May 9, 1922, it was made to appear that service of the garnishee summons on the principal defendant could not be made.  On May 13, 1922, a motion was heard to set aside and quash the service of the garnishee summons, which was denied.

For the petitioner there were briefs by *Miller, Mack & Fairchild,* and oral argument by *Bert Vandervelde* and *J. G. Hardgrove,* all of Milwaukee.

For the defendant there was a brief by *Geisenfeld & Geisenfeld* of Milwaukee, and oral argument by *M. A. Geisenfeld.*

ROSENBERRY, J.  Two principal questions are raised here: First, did the appearance of the defendant in the circuit

court for Milwaukee county for the purpose of making a motion that the cause be removed to the district court of the United States for the Eastern district of Wisconsin constitute a general appearance? Second, was the service by publication fatally defective because the complaint was not duly verified, being verified by an attorney who stated the complaint was true to his own knowledge but who failed to state his knowledge on the subject?

By some courts it is held that an appearance for the purpose of making a motion to remove a cause from a state court to a court of the United States pursuant to the statutes of the United States does not constitute a general appearance in the state court. Other courts hold to the contrary. On the part of the petitioner here, it is claimed that, the proceedings being based upon a statute of the United States (sec. 1011, 1 U. S. Comp. Stats. 1916, Annotated), the construction placed upon that statute by the federal court is binding upon the state court, it being held that such an appearance does not constitute a general appearance. *Cain v. Commercial Pub. Co.* 232 U. S. 124, 34 Sup. Ct. 284; *Goldey v. Morning News,* 156 U. S. 518, 15 Sup. Ct. 559; *Mechancial Appliance Co. v. Castleman,* 215 U. S. 437, 30 Sup. Ct. 125; *Wabash Western R. Co. v. Brow,* 164 U. S. 271, 17 Sup. Ct. 126.

It does not follow that because this court is bound by the construction placed upon the statute referred to by the supreme court of the United States it is concluded as to what constitutes a general or special appearance in the courts of this state.

In *Farmer v. National L. Assur. Co.* 138 N. Y. 265, 33 N. E. 1075, it was held by the court of appeals of the state of New York that the averment contained in the petition for removal to the federal court that there is an action pending in the state court and that he is a party to it is a submission to the jurisdiction of the state court, and upon the cause being remanded by the federal court he cannot object that there was not a valid service upon him of the summons

and complaint. This case was decided before *Goldey v. Morning News*, 156 U. S. 518, 15 Sup. Ct. 559.

While there is much force in the position taken by the court of appeals of New York, we agree with the federal court that an appearance for the purpose of making a motion that the cause be removed to the federal court is of itself a challenge to the jurisdiction of the court. The party making the motion, being required to proceed in a particular way, ought not to be concluded if as a matter of fact the state court has no jurisdiction. As was said in *Goldey v. Morning News, supra,* while a suit must be actually pending in the state it need not be rightfully pending, and the petition for removal does not admit that it is rightfully pending.

The rule of the federal courts is supported by the better reasoning and is in accord with the weight of authority in the courts of the states. *Coombs v. Parish,* 6 Colo. 296; *Paul v. B. & O. R. Co.* 33 Ind. App. 157, 69 N. E. 1024; *Schwab v. Mabley,* 47 Mich. 512, 11 N. W. 294; *State v. American Surety Co.* 26 Idaho, 652, 145 Pac. 1097; *Bryan v. N. & W. R. Co.* 119 Tenn. 349, 104 S. W. 523; *First Nat. Bank v. Johnson,* 130 La. 288, 57 South. 930. *Contra: Farmer .v. Nat. L. Assur. Co.* 138 N. Y. 265, 33 N. E. 1075; *State ex rel. Portland C. Co. v. Sale,* 232 Mo. 166, 132 S. W. 1119.

If it were otherwise and there was no preponderance of authority or weight of reason on either side, we should adopt the federal rule for the sake of uniformity. *Topolewski v. Plankinton P. Co.* 143 Wis. 52, 126 N. W. 554.

*Second.* By sec. 2640, Wis. Stats., it is provided that an application for service by publication shall be based "upon the complaint duly verified and filed."

Sec. 2666 prescribes the requirements for verification. That part of the section material here is as follows:

"The affidavit may be made by an agent or attorney if no such party be within the county where the attorney resides, or if the action or defense be founded upon a

State ex rel. Bergougnan R. Corp. v. Gregory, 179 Wis. 98.

written instrument in such attorney's possession, or if all the material allegations of the pleading be within his personal knowledge or belief. When the pleading is verified by any other person or party, he shall set forth in the affidavit his knowledge or the grounds of his belief on the subject, and the reason why it is not made by the party, and if made on knowledge, shall state that the pleading is true to his knowledge, and if on his belief, that he believes it to be true."

The language of the verification in this case is as follows:

"Morris Geisenfeld, being duly sworn, on oath deposes and says that he is one of the attorneys for the plaintiff in the above entitled action; that he knows the contents of the foregoing complaint and that the same is true to his own knowledge; that the reason that this verification is not made by the plaintiff is that the plaintiff is not now in Milwaukee county where the affiant resides; that all of the allegations of the said complaint are within the personal knowledge of this affiant."

Affiant nowhere states or attempts to state his knowledge on the subject. The precise question raised here was considered in *Crane v. Wiley,* 14 Wis. 658. It was there said:

"The statute says that when the pleading is verified by another person than the party, he shall set forth in the affidavit *his knowledge,* or the grounds of his belief. Now what knowledge had the attorney of the matters stated in the complaint? Was he present when the note was made and delivered? In other words, what is his knowledge upon the subject? . . . Was he present when the transactions occurred? Did they take place under his own observation? If so, he may be said to have 'knowledge' of them, in the sense of the word as used in the statute. But if he was not, and if all his information upon the subject is derived from the statements of others, from the possession of the instrument, etc., then, while he may have excellent grounds for a belief that the matters stated in the complaint are true, he cannot be said to have any actual knowledge of them."

From an inspection of the complaint, a copy of which is annexed to the petition, it appears that no allegation thereof is made upon information and belief, but they are all direct and positive in form. A statement by affiant that the complaint is true to his own knowledge and that the allegations of the complaint are within his personal knowledge certainly does not state what his knowledge is, but is a mere affirmation that he has it.

*Crane v. Wiley,* 14 Wis. 658, was affirmed in *Hecht v. Chase,* 158 Wis. 342, 149 N. W. 29, and it must be held here as there that service by publication was ineffective and did not give the court jurisdiction for the reason that the complaint was not properly verified.

*By the Court.*—The court having no jurisdiction in the case or in the garnishment proceeding, it is ordered that the writs of prohibition issue as prayed for.