## TRUMBULL VS. PECK.

In an action upon a contract for the payment of money only, where the defendant has appeared but failed to answer, an assessment by the clerk of the amount due, and prior notice to the defendant of such assessment, are not required in case the complaint is verified.

ERROR to the Circuit Court for *Racine* County.

*Paine & Millet*, for plaintiff in error.

*J. H. Carpenter*, for defendant in error.

*By the Court*, DIXON, C. J. *Peck* sued *Trumbull* upon a promissory note, commencing his action in the circuit court for Dane county. The complaint was duly verified, and together with the summons was personally served upon the defendant at Racine. Before the expiration of the time for answering, *Trumbull* appeared in the action, and by his attorneys demanded that the trial be had in the county of Racine, to which the plaintiff's attorney consented in writing. The cause was accordingly transferred to Racine. After default, the attorney for the plaintiff filed his affidavit of no answer or demurrer, and caused judgment to be entered by the clerk in conformity with the demand of the complaint. This was done without notice to the attorneys for the defendant, who now claim that they were entitled to notice and assessment of damages. This is the only error assigned. A glance at the statute will show the fallacy of this claim. R. S., ch. 132, sec. 27, subd. 1.

It is only where the complaint is "not sworn to" that there is to be an assessment; and of course where there is no assessment there can be no notice of it.

Judgment affirmed.