TAYLOR and another vs. ROBINSON and another.

*Verification by attorney.*

1. Where, for good cause shown, a pleading is verified by the attorney, although its averments are positive and absolute, it is sufficient for him to state that he believes them true, with the grounds of his belief.
2. If the attorney makes such a verification without having reasonable grounds for believing, and without believing, that all the material averments of the pleading are true, he may, upon proper proof, be convicted of perjury.

APPEAL from the Circuit Court for *Winnebago* County.

After the complaint, verified in the manner described in the opinion, had been served, the defendants served an unverified answer containing a general denial, which the plaintiffs' attorney, for that reason, returned the same day. Afterwards, upon due notice, they were allowed to take judgment as for default of an answer; from which the defendants appealed.

*Gabe Bouck*, for appellants, cited R. S. ch. 125, sec. 19; *Harnes v. Tripp*, 4 Abb. 232; *Ross v. Longmuir*, 15 id. 326; *Woodruff v. Fisher*, 17 Barb. 224; *Crane v. Wiley*, 14 Wis. 658.

*Henry Bailey*, for respondents, cited *Morley v. Guild*, 13 Wis. 579, 581, 584; *Wheeler v. Chesley*, 14 Abb. 441.

COLE, J. We think the verification of the complaint in this case was sufficient. The action was brought to recover the balance due on a bill of goods and merchandise. The allegations in the complaint were positive and direct. The verification was made by the attorney, who states that he believes each and every allegation of the complaint to be true. He also states fully the grounds of his belief on the subject, and the reasons why the complaint was not verified by one of the plaintiffs. It is said that because the allegations in the complaint were absolute and

unqualified, the verification should have stated that the same were true to the knowledge of the attorney, setting forth what personal knowledge the attorney had upon the subject.    In *Morley v. Guild,* 13 Wis. 576–582, it is said by the chief justice, that when the pleading is verified by the agent or attorney upon information and belief, the form of the averments is not material.   "The conscience of the person making the affidavit may be as firmly bound, and perjury as well assigned, when the averments are direct and positive, as when they are made upon information and belief.   If he makes the affidavit without having reasonable 'grounds for believing, and without believing, that all the material facts and allegations are true, in whichever form they may be stated, he is forsworn, and upon proper proof may be convicted of perjury."

These remarks of the chief justice seem fully to meet and dispose of the objection taken to the manner of verifying the complaint.

*By the Court.*—The judgment of the circuit court is affirmed.