Bonnell vs. Gray.

BONNELL VS. GRAY.

PRACTICE. (1) *Affidavit of no answer, what sufficient.* (2) *Demand and notice of motion to change place of trial; when it stays proceedings.* (3–6) *Assessment of damages by clerk, and notice and report thereof.*

VACATING JUDGMENT. (10) *Judgment will not be set aside for error at subsequent term.* (7, 8) *Nor for formal irregularities merely, where no claim of a meritorious defense.* (9) *Rule the same as to party or his assignee in bankruptcy.*

1. An affidavit of plaintiff's attorney that no answer or notice of an appearance in defendant's behalf has been served *upon any one, held* equivalent to a specific denial of service on such attorney.

2. Under the statute (Tay. Stats., 1423, §§ 4, 5), defendant's demand and notice of motion to change the place of trial to the county where he resides does not operate to *stay proceedings,* except in cases where both the action was commenced and the summons was served in another county.

3. The complaint on promissory notes of defendant averred all the facts positively, and the verification, by the attorney, stated that his knowledge was derived from the notes themselves and from the admissions of the *plaintiff* to him (probably intending the admissions of the *defendant*). *Held,* that the verification was probably defective, so that, before judgment was entered in default of an answer, an *assessment* of damages by the clerk was required by sec. 27, ch. 132, R. S.; and a *report* of such assessment should have been filed by the clerk.

4. But such assessment should be made on the notes only, without any other evidence; and the report thereof would be only a formal computation of the principal and interest due on the notes.

5. The statute does not expressly require the clerk to make a report; and perhaps the court might be authorized to infer his assessment from his signing the judgment.

6. The complaint in this case not having been properly verified, and notice of an appearance in defendant's behalf having been duly mailed (though never received), the statute also required *notice of the assess-*

*ment* of damages to be given to defendant's attorney before entry of judgment.

7. But where there is no claim of a meritorious defense, a judgment rendered on a promissory note in default of an answer will not be set aside for mere irregularities of practice not affecting any substantial right.

8. The judgment rendered in this case being for the amount appearing due on the face of the notes (which are preserved in the judgment roll), and there being no claim of a meritorious defense, it will not be vacated or reversed for the failure of the clerk to assess the damages, or to file a report of such assessment, nor for the reason that defendant's attorney was not notified of any assessment of damages. *Gorman v. Ball*, 18 Wis., 24, distinguished.

9. The rule in such cases is the same whether the motion to vacate the judgment (or the appeal from it) be by the judgment debtor, or (as here) by his assignee in bankruptcy, who represents only the interest of the debtor.

10. The motion to vacate the judgment in this case, upon the grounds above stated, was made *after the term* at which it was entered, without any affidavit of merits or claim of defense to any part of plaintiff's demand. *Held*, that it was *too late*, under the rule in *Ætna Ins. Co. v. McCormick*, 20 Wis., 265; and, if made in time, should have been denied under the provisions of sec. 40, ch. 125, R. S.

APPEAL from the Circuit Court for *Milwaukee* County.

Action upon two promissory notes. The complaint, which averred all the facts positively, was verified by one of the attorneys for the plaintiff, who stated that the action was founded upon written instruments for the payment of money only, which instruments were in his possession, and that his knowledge was derived from the instruments themselves and from the admissions of the *plaintiff* to him. The summons was served upon the defendant in the county of Portage, where he resided, on the 14th of July, 1873.

On the 12th of August, 1873, judgment was entered against the defendant before the clerk of the circuit court for Milwaukee county for the amount of the two notes and interest, one of the attorneys for the plaintiff making affidavit that no answer, demurrer or notice of appearance had "been served by

or received from the defendant above mentioned or by or from any person on his behalf, and that the time therefor " had expired.

Subsequently, at the May term, 1874, of said court, D. M. Hamlin, the assignee in bankruptcy of the defendant, moved upon the judgment roll and certain affidavits, to set aside such judgment for error. Among the affidavits was one by C. Clarkson, an attorney, showing that he had been retained by the defendant to defend such action; and that on the 15th of July, 1873, before the expiration of the time for answering, he mailed to the plaintiff's attorneys at Milwaukee a notice of appearance for said defendant, and a demand, with notice of motion for the ensuing October term, 1873, that the place of trial be changed to Portage county, where the defendant resided; also that said motion had not been heard, nor had he received any notice of the application for judgment by plaintiff. The plaintiff's attorneys, by affidavit, denied having received any such papers. Motion overruled.

The case embraces two separate appeals, both taken by defendant's assignee, one from the judgment and one from the order denying the motion to set it aside.

*Park & Jones*, for appellants, with *Gregory & Pinney*, of counsel:

The verification of the complaint was defective, admissions of the plaintiff being grounds of *belief*, but not of *knowledge*; and the entry of judgment by the clerk without an assessment of damages was irregular. Tay. Stats., pp. 442, § 21, and 501, § 32; 14 Wis., 658; 13 id., 582; 18 id., 24. The affidavit of plaintiff's attorney to prove defendant's default was too indefinite, and insufficient to authorize the entry of judgment. *Miller v. Munson*, 34 Wis., 579. An appeal is the proper method of bringing these questions before the court. Tay. Stats., 1636, § 12; 23 Wis., 354. The entry of judgment being irregular, an affidavit of merits was unnecessary. 26 Wis., 390; 1 Burr. Prac., 415-6. Irregular and improper conduct in procuring

judgment to be entered is well settled ground for vacating it, and the plaintiff should not be permitted, by such means, to obtain an advantage over other creditors in the distribution of defendant's assets. Freeman on Judgments, § 97 ; 3 Ohio St., 445. That defendant's assignee was authorized to bring the appeal, see Freeman on Judgments, §§ 91–2 ; Act of Congress approved March 2, 1867, § 16.

*Jenkins & Elliott*, for respondent, contended that although the verification to the complaint was defective, the judgment was regular on its face, being for the exact amount appearing to be due upon the notes which were attached to and formed a part of the record. They further argued that the demand and notice of motion for a change of venue, if properly served at all, did not oust the court of jurisdiction, especially as the motion was never brought to a hearing, but that such change was at most discretionary with the court (*Couillard v. Johnson*, 24 Wis., 533); and that as the entry of judgment by the plaintiff was merely a question of regularity, the motion to vacate was properly overruled : 1st. Because, there being no pretense of any defense, and no issue having been joined either of law or fact, there was no propriety in a change of venue. 2d. Because the motion for a change of venue had never been brought to a hearing, and if ever noticed, had fallen through the non-action and laches of defendant. 3d. Because, if there was any irregularity in the plaintiff's proceedings, the defendant had not been diligent to move in the matter. *Ætna Life Ins. Co. v. McCormick*, 20 Wis., 265.

RYAN, C. J. Three points were relied on in the court below to vacate the judgment, and in this court to reverse it.

1st. That the complaint was not properly verified to authorize the clerk's entry of the judgment, without an assessment of damages first made and reported by him.

The complaint was on promissory notes of the defendant, and averred all the facts positively. In attempting to comply

with sec. 19, ch. 125, R. S., and the rule in *Crane v. Wiley*, 14 Wis., 658, the attorney who verified the complaint, stated that his knowledge was derived from the notes themselves and from the admissions of the *plaintiff* to him ; probably intending the admissions of the *defendant.* Perhaps the verification is strictly defective under the rule ; and therefore an assessment by the clerk was necessary, under the provisions of sec. 27, ch. 132, R. S. *Trumbull v. Peck*, 17 Wis., 265. But the assessment should be made on the notes only, without other evidence ; would be formal only ; and the report could be no more than a formal computation of the principal and interest due on the notes. This is otherwise sufficiently certain by the notes themselves, which are in the judgment roll ; and a report of the assessment could add nothing new to the record to support the judgment. *Id certum est quod certum reddi potest.* The statute does not expressly require the clerk to make a report ; and we might be authorized to infer his assessment from the fact of his signing the judgment.

*Gorman v. Ball*, 18 Wis., 24, turned upon a contract not for the payment of money only, and an assessment of damages such as were formerly assessed by a jury on a writ of inquiry. In cases *ex contractu*, the clerk is now authorized to assess them, as the sheriff's jury used to do, on evidence given before him. In such cases the record does not necessarily disclose the proper amount of damages, and does not at all disclose the clerk's process of assessment. And the court held that, although the statute does not in terms require it, the clerk's report of his assessment should be made part of the record, to support the judgment. The language of the court is broad enough to cover all assessments by the clerk ; but it must be understood as applied to the case before it. It is not necessary here to consider whether the judgment in *Gorman v. Ball* is consistent with the cases cited *infra*, on the effect of sec. 40, ch. 125, R. S., or could now be followed. The opinion is undoubtedly correct

in relation to assessments of the character before the court in that case.

In all cases of assessment by the clerk, it would undoubtedly be better practice to make and file a report of the assessment, as was formerly done. But the error of omitting to do so, in such a case as this, if error it be, is purely formal and immaterial.

Some criticism was made, in this connection, on the affidavit of the plaintiff's attorney denying notice of appearance and service of answer. It was objected that the affidavit was too general, and should have specifically negatived service on the plaintiff's attorney. Perhaps so; the affidavit seems to have been carelessly worded. But *omne majus continet in se minus;* and surely the broad negative of service on any one, negatives service on the person who so swears. The service denied must be held to be the service required by law, service on the plaintiff's attorney.

2d. That, before judgment, a proper demand and notice to change the place of trial, under Tay. Stats., ch. 123, § 5 (p. 1423), had operated to stay proceedings.

The judgment roll discloses no appearance or proceeding by the defendant, before judgment. But in support of the motion to vacate the judgment, an affidavit of the defendant's attorney was filed, stating service by mail of notice of appearance for the defendant, and demand and notice of motion to change the place of trial to the defendant's county.

The second clause of sec. 4, ch. 123, R. S., gives to the plaintiff an election of the county in which he may commence his suit, subject to the defendant's right to remove it to the proper county. *Pereles v. Albert,* 12 Wis., 666; *Lane v. Burdick,* 17 id., 92. That general right is given to the defendant, by sec. 4, without any provision for stay of proceedings.

Sec. 5, as found in Mr. Taylor's edition, was subsequently added to the chapter in 1869. It specially provides for cases where the action is commenced in a county in which the de-

fendant does not reside, and where the summons is served in a county in which the defendant does not reside ; and makes the demand and notice of motion to change the place of trial operate to stay proceedings. But both conditions must concur to give the demand that operation.

In the present case, the defendant resided in Portage county, and therefore demanded the removal to that county. And an inspection of the record shows that the summons was served on him in that county. The demand could not therefore operate to stay proceedings.

3d. That the defendant, having given notice of appearance, was entitled to notice of the assessment of damages, which he did not receive.

A counter affidavit was made by the plaintiff's attorney, denying the receipt of the notice of appearance and demand of change of place of trial ; and some comments were made upon the sufficiency of the affidavit of their having been mailed. But we are disposed to consider the notice as proved.·

Had the complaint been properly verified, notice of the assessment would not have been necessary. *Trumbull v. Peck, supra.* It is only required when the complaint is not verified. It is not easy to see why the statute makes the distinction, because in both cases judgment goes for the amount due on the face of the instrument for the payment of money only. The notice, in the case in question, is certainly formal, not affected by or affecting the substantial rights of the parties. But, assuming the insufficiency of the verification, and the service of notice of appearance, in this case, an assessment of damages without notice was a formal irregularity.

The motion in the court below was made, and these appeals are prosecuted, by the defendant's assignee in bankruptcy. But the assignee represents no different interest than the defendant's. And the appeals must be considered as if made by the defendant himself.

The motion, apart from other difficulties, was clearly too

Bonnell vs. Gray.

late, within the rule in *Ætna Ins. Co. v. McCormick*, 20 Wis., 265. It was made without affidavit of merits or disclosing any defense. There is no pretense, anywhere, that the defendant had any color of defense against the plaintiff's demand or any part of it. Nothing is relied on to disturb the judgment, except the alleged irregularities. And the motion, if made in time, should have been overruled.

As there is no pretense of meritorious defense against the plaintiff's recovery, it seems very certain that any errors or defects in the verification of the complaint, or in the failure of the clerk to make an assessment or to file a report of it, or in the failure of the plaintiff to give notice of the assessment, or in the disregard of the demand of change of place of trial, are mere irregularities, which could not affect the substantial rights of the defendant. They are matters of practice, which might have been questioned before judgment. But they are errors, if errors, clearly within sec. 40, ch. 125, R. S., to be disregarded in every stage of the action, and for which the judgment cannot be reversed. There may be cases in this court in which the beneficent provisions of that section have been overlooked; but they have been applied in great variety of circumstances, to great variety of irregularities, when the attention of the court has been directed to them. See, amongst other cases, *Blaikie v. Griswold*, 10 Wis., 293; *Warren v. Gordon*, id., 499; *Boyd v. Weil*, 11 id., 58; *Rahn v. Gunnison*, 12 id., 528; *Brookins v. Shumway*, 18 id., 98; *McIndoe v. Hazelton*, 19 id., 567; *Holmes v. McIndoe*, 20 id., 657; *Young v. Schenck*, 22 id., 556; *Decker v. Trilling*, 24 id., 610; *Tarbox v. French*, 27 id., 651; *Bowman v. Van Kuren*, 29 id., 209; *Allard v. Lamirande*, id., 502; *Eldred v. Oconto Co.*, 33 id., 133; *Damp v. Dane*, id., 430.

*By the Court.* — The order denying the motion to vacate the judgment and the judgment, are affirmed.