## Kirst and another vs. Wells.

ENTRY OF JUDGMENT by clerk: VERIFICATION of complaint. *(1) When plaintiff may have judgment entered by clerk. (2) Verification of complaint by attorney.*

COSTS. *(3) When costs not recoverable. (4) When objection to allowing any costs may be taken. (5) Costs in supreme court.*

1. Where a plaintiff would otherwise be entitled to have judgment entered by the clerk for the amount named in the summons, without an assessment of damages, under section 27, ch. 132, R. S. 1858 (Tay. Stats., 1501, § 32), the fact that there has been a *demurrer* to the complaint, which has been overruled (without order either for judgment or for leave to answer over), will not affect plaintiff's right to have judgment so entered.

2. In an action by nonresident plaintiffs on book account for goods sold and delivered, a verification by the attorney on his belief states that "such belief is founded upon the admissions of the defendant that *said bill* is correct, and said amount due thereon, and upon communication had from plaintiffs in relation thereto." *Held,* that the words "said bill" (no "bill" being mentioned in the complaint) must be understood of said account, and that the statement of the grounds of belief is sufficient.

3. Under ch. 60, Laws of 1862 (Tay. Stats., 1531, § 55), with certain exceptions not affecting this case, no costs can be recovered by the plaintiff in actions on contract brought in the circuit court, which might have been brought in justice's court.

4. The objection that no costs could lawfully be taxed in a cause, is available on appeal from the taxation, though not taken before the taxing officer.

5. On affirming a judgment herein as to damages, and reversing it as to costs, this court directs, with respect to costs here, that judgment go against the respondents for the clerk's fees only, and that otherwise each party pay his own costs. R. S., sec. 2949.

APPEAL from the Circuit Court for *Clark* County.

The action was commenced in the circuit court by personal service of the summons and complaint on the defendant. The complaint is the common count for goods sold and delivered by the plaintiffs to the defendant, to the value of $162.18. It admits the payment thereon of $72.18, and demands judgment for $90, with interest and costs. The summons also specified $90, and the interest thereon from a given date, as the amount for which judgment would be taken should the defendant fail to answer. The verification of the complaint is as follows:

"*Clark County*, ss.

"H. W. Sheldon, being duly sworn, says, that he is one of the attorneys for the plaintiffs in the foregoing entitled action, and that the foregoing complaint is true, as deponent verily believes; that such belief is founded upon the admissions of the defendant that said bill is correct and the said amount due thereon, and from communications had from said plaintiffs in relation thereto; that the reason this verification is not made by said plaintiffs, is because neither of them is within said county, and both reside long distances therefrom."

The defendant demurred to the complaint, as not stating a cause of action. The court overruled the demurrer, but failed to order judgment, or give leave to answer over. On an affidavit of the plaintiffs' attorney, stating the proceedings on the demurrer, that no answer had been served, and that more than twenty days had elapsed since the service of the summons and complaint, the clerk entered judgment for the plaintiffs for the amount of their claim, $94.33, and for costs, taxed at $22.15. At the ensuing term, defendant moved the court to set aside that part of the judgment which awarded costs against him; and, that motion being denied, he appealed from the judgment.

The cause was submitted on the brief of *MacBride* &

*Grundy* for the appellant, and that of *James O'Neill* for the respondents.

LYON, J. It is conceded that the complaint states a cause of action, and the only grounds upon which the regularity of the judgment for damages is questioned, are these: *first*, that, although the demurrer had been overruled, no judgment could regularly be entered without the order of the court; and *second*, that the complaint is not properly verified, and hence that the clerk had no authority to enter the judgment without an assessment of damages, of which five days' notice should have been given to the defendant's attorney. R. S. 1858, ch. 132, sec. 27. No such notice was given.

When the judgment was entered, the demurrer had been disposed of, and was no impediment to the entry thereof. There was an appearance by the defendant, but no answer, and more than twenty days had elapsed after personal service of the summons and complaint. If, therefore, the complaint was duly verified, the case is within the provisions of R. S. 1858, ch. 132, sec. 27 (Tay. Stats., 1501, § 32), and the clerk was authorized to enter judgment against the defendant for the amount named in the summons; and this without notice, for in such a case an assessment of damages is not required. *Trumbull v. Peck*, 17 Wis., 265.

The verification is informal, yet we think it complies substantially with the requirements of the statute. R. S. 1858, ch. 125, sec. 19. The only objection urged against it is, that the attorney who made it states his grounds for believing that the complaint is true, to be "the admissions of the defendant that said *bill* is correct, and the said amount due thereon," when no bill is mentioned in the complaint. Obviously the bill referred to in the verification means the account for goods upon which the action was brought. The judgment for damages, therefore, is regular; and so the learned counsel must have thought when they moved to vacate that portion of it

which awards costs, making no attack upon the award of damages.

The portion of the judgment which gives costs to the plaintiffs, cannot be upheld. With certain exceptions not affecting this case, the statute provides, that "in all actions on contracts, of which justices of the peace have jurisdiction, which shall hereafter be commenced in any court of record, no costs shall be recovered by the party plaintiff," etc. Laws of 1862, ch. 60 (Tay. Stats., 1531, § 55). This case is within that statute in every respect, and it was error to award costs to the plaintiffs.

The rule which requires a party to make objection before the taxing officer to any particular items in a bill of costs, in order to have the objection available on an appeal from the taxation, is not applicable to a case in which no costs can be lawfully taxed.

*By the Court.* — The judgment of the circuit court is affirmed as to the damages, and reversed as to the costs included therein.

We think this a proper case for the exercise of the discretion conferred upon us by R. S., sec. 2949, in respect to the costs in this court, when the judgment appealed from is affirmed in part and reversed in part; and we direct that judgment here go against the respondents for the clerk's fees alone. Beyond such fees, each party must pay his own costs.