Roosevelt, Respondent, vs. Ulmer and others, Appellants.

*January 11 — February 8, 1898.*

*Practice: Verification by agent: Service by publication: Sufficiency of order: Jurisdiction.*

1. In an action to recover instalments of rent, the verification of the complaint by an agent showed that the deponent had acted as agent for the plaintiff in collecting rents for several years, and had collected a considerable amount thereof, and that his belief as to the allegations made upon information and belief was founded upon transactions wherein he was plaintiff's agent. *Held*, that this sufficiently set forth the agent's knowledge and the grounds of his belief, under sec. 2666, R. S. 1878.

2. The provision of sec. 2640, R. S. 1878, that the facts required to exist in order to authorize service by publication must appear in the complaint and affidavit for publication taken together, is a jurisdictional requirement and must be strictly complied with.

3. The provisions of sec. 2640, R. S. 1878, that the order for publication "shall direct that the service of the summons be made by its publication in a newspaper . . . not less than once a week for six weeks, and that on or before the day of the first publication" a copy be deposited in the post office, etc.; and that "the first publication must be made within three months from the date of such order," are not sufficiently complied with by an order requiring the first publication be made " three months *from* the date " thereof, and that "on or about the date, of the first publication" the summons be mailed.

Appeal from an order of the circuit court for Douglas county: A. J. Vinje, Circuit Judge. *Reversed.*

This was an action to recover instalments due upon the lease of certain real estate in the city of Superior, which lease was made by one Lewis to the defendants' firm in April, 1892, the rentals having been assigned by Lewis to the plaintiff herein in June, 1893. The complaint was verified by Mr. Gilbert, the plaintiff's agent and attorney, the plaintiff himself being a nonresident. The defendants were also nonresidents, and an affidavit for publication was made and filed, together with the complaint, upon which the order of publication was made, and thereafter personal service of the summons was made upon the defendants *Ulmer* and *O'Meis*. At the time of the commencement of the action, an affidavit for writ of attachment was also made and filed, and a writ issued, and certain personal property of the defendants attached. Judgment was thereafter rendered by default against all the defendants for the amount claimed in the complaint, and shortly afterwards the defendants *Ulmer* and *O'Meis* appeared specially and moved to set aside the judgment and attachment proceedings for want of jurisdiction. This motion was denied, and the defendants appeal.

For the appellants the cause was submitted on the brief of *Titus & McIntosh*.

For the respondent there were briefs by *Henry W. Gilbert* and *H. C. Sloan*, and oral argument by *Mr. Sloan*.

WINSLOW, J. The defendants were nonresidents, and personal service was made upon them outside the state, under an order of publication, and the question is whether jurisdiction was obtained. It is claimed that jurisdiction was not obtained because (1) the complaint was not properly verified; (2) it did not appear by the affidavit or the complaint that the defendants had property within this state, nor that the cause of action arose therein; (3) the order of publication required the first publication of the summons to be made *three months from* the date of the order, and that

Roosevelt vs. Ulmer and others.

the summons be mailed "on or about" the day of the first publication.

1. The statute (R. S. 1878, sec. 2666) requires that, when a pleading is verified by an agent, he shall set forth in the affidavit his knowledge or the grounds of his belief on the subject, and the reasons why it is not made by the party. It is objected in the present case that the verification does not set forth the agent's knowledge or his grounds of belief. The action is to recover instalments of rent upon a lease. The verification shows that the deponent had acted as agent for the plaintiff in collecting the rents for several years, and collected a considerable amount of the rents due from the defendants. These facts would almost necessarily place the agent in possession of the material facts with regard to the lease and its terms and the payments made. The principal allegations of the complaint are made upon knowledge, and we think that these statements sufficiently show the agent's knowledge. As to the allegations made upon information and belief, the affidavit states, in effect, that the grounds of his belief are founded upon and derived from such transactions wherein he was the plaintiff's agent. This seems to us quite a satisfactory showing, and we regard it as sufficient.

2. The facts required to exist in order to authorize service by publication must appear in the complaint and the affidavit of publication taken together. R. S. 1878, sec. 2640. This is plainly a jurisdictional requirement, and must be strictly complied with. *Anderson v. Coburn*, 27 Wis. 558; *Barber v. Morris*, 37 Minn. 194; *Cummings v. Tabor*, 61 Wis. 185. In the present case it was not alleged in the complaint nor in the affidavit for publication either that the defendants had property within this state or that the cause of action arose therein. R. S. 1878, sec. 2639, subd. 1. One of these facts must appear in order to justify an order of publication under subd. 1; and it is not claimed that a case was made under any of the other subdivisions. The conclu-

sion necessarily follows that no order of publication could be made, and that, if made, no jurisdiction was acquired by service under it.

3. The order was also defective and void because it did not comply with the statute in vital particulars. The statute says (sec. 2640, R. S. 1878): "The order shall direct that service of the summons be made by its publication in a newspaper, . . . not less than once a week for six weeks, and that, on or before the day of the first publication," a copy be deposited in the post office, etc.; also, "the first publication must be made within three months from the date of such order." By some strange inadvertence, the order in the present case required that the first publication be made "three months *from* the date of the order," and that, "on or *about* the date of the first publication," the summons be mailed. This is certainly too wide a departure from the plain requirements of the law to be sustained in a jurisdictional proceeding where strict compliance is necessary. The terms of the order might be literally complied with, and the terms of the statute violated.

*By the Court.*— Order reversed, and action remanded with directions to vacate the judgment and set aside the attachment and all subsequent proceedings.