CLOSSON, Appellant, vs. CHASE, Respondent.

*September 18—October 6, 1914.*

Pleading: Verification by attorney: Sufficiency: Service of summons by publication: Attachment of property not essential: Statutes: Validity.

1. The verification of a pleading is sufficient if it substantially complies with the statute; and no mere informality or failure to cover literally the statutory requisites will defeat it.
2. Where it fairly appears from the whole verification by an agent or attorney that it is made upon belief, and legitimate grounds for such a belief are stated, it should be held a substantial compliance with the statute and valid, even though the affiant states that the pleading is true instead of that he believes it to be true.
3. The issuance of a writ of attachment and levy upon property thereunder is not essential to a valid order for service upon a nonresident defendant by publication under sec. 2639, Stats., it being sufficient that he has property in the state and that such fact is duly brought to the attention of the court.
4. Sec. 2639, Stats., providing for service of summons by publication when the defendant is a nonresident and has property in this state, is valid.

APPEAL from an order of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Reversed.*

Proceeding to set aside a service by publication and the proceedings and judgment based thereon and obtain a dismissal of the action in which such service was made.

The alleged defective service was made by publication. The summons was issued some time prior to January 8, 1906, and delivered to the sheriff for service. He made due return January 8, 1906, showing failure to make the service and the reasons. The paper with the return was duly filed January 16, 1906. An affidavit of the sheriff appears in the record to the effect that the summons was delivered to him for service October 1, 1907, and that he was unable to do so for reasons essential to service by publication. The second

return was dated November 10, 1907, and was duly filed October 20th thereafter.   January 16, 1906, a writ of attachment in the action was, in due form, issued and a statutory seizure thereunder made of certain lands belonging to the defendant.   December 12, 1907, on a verified complaint and affidavit to the effect that such complaint had been duly filed and that the defendant was the owner of real estate within this state, describing the same, including that which had been attached as aforesaid, and stating all other essentials to an order for service by publication, such was duly entered. Later due proof of such service was made.   April 13th thereafter, judgment was, in due form, rendered against defendant for $4,396.82.

The complaint was on several promissory notes, a dishonored check, and an account.   It contained appropriate allegations as to each matter to show an existing indebtedness of defendant to plaintiff.   It also contained appropriate allegations as to the check and account and a copy of the notes, in connection with an allegation of ownership thereof and of the amount due and owing thereon from defendant, and a demand for judgment for the several sums so due and on the check and account, with attorney's fees according to the terms of such notes, and costs.   The verification was by plaintiff's attorney in the following words:

"State of Wisconsin,  }
     Oconto County.       } ss.

"Francis X. Morrow, being first duly sworn, on oath says that he is the attorney for the above entitled plaintiff, and makes this verification for and in his behalf and was authorized so to do; that he has read the foregoing complaint and knows the contents thereof and that the same is true; that the reason this verification is not made by the plaintiff is,

"1. For the reason the notes described in the foregoing complaint, the check and account, are for the payment of money only, and the said notes, check and account, correspondence between defendant and payees in said notes, is all

in affiant's possession and forms the grounds of affiant's be-
lief as to the allegations set forth in said complaint.

"2. That the said plaintiff is a nonresident of the state of
Wisconsin, but resides in Logansport, Cass county, Indiana,
and is not within the said county where affiant resides, to wit,
Oconto, Oconto county, Wisconsin.

"FRANCIS X. MORROW."

Subsequent to the attachment the real estate involved was,
in part, released, because not owned by the defendant. Sep-
tember 24, 1913, the defendant first appeared, but specially
to move to vacate the judgment and all proceedings in the
action upon the ground that the pretended service on him was,
void. The motion was granted because the complaint was
not properly verified, and, therefore, the order for service by
publication was void. This appeal is from the order accord-
ingly entered.

For the appellant there was a brief by *F. X. Morrow,* at-
torney, and *W. L. Evans,* of counsel, and oral argument by
*Mr. Evans.*

For the respondent there was a brief by *Classon & O'Kel-
liher,* and oral argument by *V. J. O'Kelliher.* To the point
that there must be an actual seizure of the property under a
writ of attachment in order to obtain a valid order of publi-
cation, and that so far as the statute presumes to authorize
substituted service without an actual seizure of defendant's
property it is unconstitutional, they cited *Pennoyer v. Neff,*
95 U. S. 714; *Chase v. Wetzlar,* 225 U. S. 99, 32 Sup. Ct.
659; *Henrietta M. & M. Co. v. Gardner,* 173 U. S. 123, 19
Sup. Ct. 327; *Mexican Cent. R. Co. v. Pinckney,* 149 U. S.
194, 13 Sup. Ct. 859; *Dewey v. Des Moines,* 173 U. S. 193,
19 Sup. Ct. 379; *Clark v. Wells,* 203 U. S. 164, 27 Sup.
Ct. 43.

MARSHALL, J. This proceeding was instituted, as indi-
cated in the statement, to deprive appellant of the fruits of
his judgment for some over $5,000. It may well be that if

respondent succeeds, appellant will lose that sum, respondent will be correspondingly enriched, though justly owing the debt, and justice will be defeated by failure of the attorney to follow the words of the statute in making the verification. Respondent, though he delayed for nearly six years to complain, thus luring appellant into security, would thereby escape payment of his just debt upon a technicality, pure and simple, if the verification, broadly viewed, shows, plainly, all facts required by the statute. Such a result, unless clearly unavoidable, would be contrary to settled judicial policy here and the law as it has become pretty definitely entrenched.

The learned trial court seems to have recognized that the exact language of the statute need not be followed in order to make a good verification; but supposed that all essential facts must be stated with such certainty as to leave nothing for construction or inference. In that way the conclusion was reached that the verification was upon knowledge and the affiant did not state "his knowledge."

The law then was, as now found in sec. 2666 of the Statutes, to wit:

"The verification must be to the effect that the same is true to the knowledge of the person making it, except as to those matters stated on information and belief and as to those matters that he believes it to be true, and must be by the affidavit of the party, or if there be several parties united in interest and pleading together, by one at least of such parties acquainted with the facts, if such party be within the county where the attorney resides and capable of making the affidavit. The affidavit may be made by an agent or attorney if no such party be within the county where the attorney resides, or if the action or defense be founded upon a written instrument in such attorney's possession, or if all the material allegations of the pleading be within his personal knowledge or belief. When the pleading is verified by any other person or party he shall set forth in the affidavit his knowledge or the grounds of his belief on the subject and the reason why it is not made by the party, and if made on knowledge shall

state that the pleading is true to his knowledge, and if on his belief, that he believes it to be true."

The statement above shows that the verifier stated that affiant "has read the foregoing complaint and knows the contents thereof" "and that the same is true," in connection with facts rendering it proper for an agent or attorney to make such an affidavit and that the written instruments and account mentioned in the complaint and the correspondence between the defendant and the payees in the notes were in his possession and formed the grounds of his belief. Reading that with the words "the same is true" it is very clear that the attorney intended to verify upon his belief and not upon his knowledge. Had the words "and believes the same to be true" been used instead of "and the same is true" followed as was the case, the verification would have been unquestionably ample. *Morley v. Guild*, 13 Wis. 576; *Frisk v. Reigelman*, 75 Wis. 499, 43 N. W. 1117, 44 N. W. 766.

No mere informality in a verification, nor failure to cover, literally, the statutory requisites, will defeat it. Substantial compliance with the statute is sufficient. *Kirst v. Wells*, 47 Wis. 56, 1 N. W. 357; *Roosevelt v. Ulmer*, 98 Wis. 356, 74 N. W. 124. In the latter case there was service by publication as here. The action was to recover instalments upon a lease. The verification was made by plaintiff's attorney and agent. The allegations of the complaint, in the main, were upon knowledge. No specific statement was made of the grounds thereof, but there was one that the affiant acted as agent for the plaintiff in many of the matters. It was held that such circumstance fairly satisfied the call for grounds of knowledge, as personal knowledge would naturally be supposed to exist in view of the agency transactions.

We do not overlook that in *Crane v. Wiley*, 14 Wis. 658, the allegations of the complaint to recover on a promissory note were in the positive form, and the verification by the attorney, being in the form that "the complaint is true to his

own knowledge, except as to those matters therein stated on information and belief, and as to those matters he believes it to be true," was held insufficient, although all the facts were also stated rendering it competent for the attorney to make the verification on belief. That case has never been directly overruled nor criticised; but it has been carefully fenced about. If a verification is upon belief the form of the allegations is immaterial. *Taylor v. Robinson,* 26 Wis. 545. If the verification and complaint are inconsistent, the element in the former creating that situation may be rejected as surplusage. *Market Nat. Bank v. Hogan,* 21 Wis. 317. To the same effect, in letter or spirit, are *Morley v. Guild, supra; Frisk v. Reigelman, supra; Kirst v. Wells, supra;* and *Roosevelt v. Ulmer, supra.*

The general trend of the decisions is as indicated and as we would be constrained to hold now if the question were new. That is, if all the facts requisite to support a verification appear with reasonable clearness, even by rejecting unnecessary words as surplusage or viewing others in the light of the whole, it will be sustained, construction being resorted to, in case of ambiguity, and reasonable inference, in the absence of express statements or literal compliance with statutory language, the court leaning to a meaning fairly shown to exist which will sustain the verification rather than one no clearer which will defeat it. That is within the rule that substantial compliance with the statute is enough. The requirement as to what shall be stated in the verification does not mean that any particular collection of words shall be used, or that the facts shall be stated with such precision as to leave no ambiguity or room for inference.

Counsel's reliance upon *Bonnell v. Gray,* 36 Wis. 574, has not been overlooked. The court did not condemn the verification there. It suggested that, "probably" it was defective under the strict rule of *Crane v. Wiley, supra;* but, in the end, the imperfection was treated as, at most, a nonprejudi-

cial irregularity. The case is widely distinguishable from this, though it may be said that it followed more closely *Crane v. Wiley, supra,* which was cited, than the more liberal doctrine of *Taylor v. Robinson, supra; Morley v. Guild, supra;* and *Market Nat. Bank v. Hogan, supra,* not cited. It is considered that such doctrine should rather be extended than restricted; that where it fairly appears from the whole verification that it is upon belief, and legitimate grounds therefor are stated, it should be held a substantial compliance with the statute and valid, though the agent uses the words "is true" instead of "believes to be true." Here, it is much more reasonable to consider the words "is true" to mean, is true to affiant's belief, since that is quite clearly indicated by the context and the whole situation, than to regard the words to mean, true to his own knowledge.

It follows that the order appealed from must be reversed unless there is some fatal defect in the proceedings, which the trial court did not consider.

The point is made that the writ of attachment was issued before the summons. There are two good answers to that. First it is evident that the so-called second issuance of the summons was only a second placing in the hands of the sheriff for service. Second. The issuance of a writ of attachment and levy upon property thereunder is not essential to competency to make service on a defendant by publication. *Gallun v. Weil,* 116 Wis. 236, 92 N. W. 1091. The statutory requisite of property of the defendant within this state, existing and duly brought to the attention of the court, is all that is necessary in respect to the property feature. Such an action is regarded as one *in rem.* The judgment when rendered is good only against the property described in the moving papers. It is sufficient even if the property be non-attachable, if it yet be such as can be judicially reached in some way and subjected to payment of the debt sought to be collected. It is the *res* within the jurisdiction of the

court that is essential to jurisdiction, not actual seizure of it, or even constructive seizure, unless description of the property in the moving papers and recorded purpose of the plaintiff to burden it with payment of the debt should be regarded as such seizure. *Jarvis v. Barrett,* 14 Wis. 591; *Winner v. Filzgerald,* 19 Wis. 393; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 106 N. W. 821.

The foregoing sufficiently answers, if any be necessary, after express and implied approval of the statute in question for more than sixty years, the suggestion that it is unconstitutional under the doctrine of *Pennoyer v. Neff,* 95 U. S. 714.

Our attention is called to the fact of there having been long delay between the issuance of the summons and action under the writ of attachment. Whether the delay was so prejudicial to respondent as to have furnished good ground for vacating the attachment, had a motion been seasonably made, is one question, and whether there was a want of jurisdiction because of defective service of the summons is quite another. The case is not within anything decided in *Cummings v. Tabor,* 61 Wis. 185, 21 N. W. 72, or *Barth v. Loeffelholtz,* 108 Wis. 562, 84 N. W. 846.

Other suggestions made by respondent's counsel have been considered but none of them seem to call for special treatment herein.

*By the Court.*—The order is reversed, and the matter remanded with directions to dismiss the respondent's motion with motion costs.